# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00213-MR

| | |
|---|---|
| RODNEY A. KOON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| FRANK D. WHITNEY, and | ) |
| BRYAN WELLS, | ) |
| | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court upon Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] and Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

**I.    BACKGROUND**

Petitioner Rodney A. Koon is a prisoner of the State of North Carolina. He pled guilty on June 2, 2014, in Buncombe County Superior Court to two counts of felony death by motor vehicle and one count of involuntary manslaughter of an unborn child. [See Koon v. Hooks, No. 1:18-cv-00084-FDW (N.C.W.D. filed Apr. 10, 2018), Doc. 17]. He filed the instant action as a civil complaint on January 19, 2019, in the United States District Court for the District of Columbia. [Doc. 1]. Because Petitioner attacks the validity of

his state criminal judgment and seeks relief in the form of a reduced sentence, the D.C. court construed the action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and transferred it to the United States District Court for the Eastern District of North Carolina. [Doc. 5]. That court in turn transferred the Petition here, because Buncombe County is located within this Court's territorial jurisdiction. [Doc. 8 (citing 28 U.S.C. § 113(c))].

## II. STANDARD OF REVIEW

In reviewing the Petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Petitioner begins by alleging that Respondents in this action "in conspiracy refused to liberally construe [his] executive clemency petition as a 2254 [habeas] petition challenging his felony convictions of (2) counts of felony death by motor vehicle and (1) count of misdomeanor [sic] death of [an] unborn child." [Doc. 1 at 1]. He then raises several challenges to his 2014 convictions, including an ineffective assistance of counsel claim. [Id. at 1-2].

Petitioner's allegation regarding his "executive clemency petition" is a reference to a civil complaint he filed on October 24, 2016, in the Eastern District of North Carolina, claiming that the defendants named in that action "in conspiracy neglected or refused to grant Plaintiff's request for executive clemency to commute his [2014 Buncombe County] sentences to one (2) year sentence[.]" [See Koon, No. 1:18-cv-00084-FDW, Doc. 1]. Upon motion by Petitioner, the Eastern District subsequently construed the complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and transferred it to this Court. [See id., Docs. 12, 13].

In this Court, Petitioner amended the § 2254 petition, and the Court dismissed the amended § 2254 petition as untimely under 28 U.S.C. § 2244(d)(1)(A). [See id., Docs. 17, 19]. Thus, what Petitioner refers to here as his "executive clemency petition" was construed as a § 2254 petition in Civil Case No. 1:18-cv-00084-FDW. [See id., Doc. 19].

Section 2244(b)(3) of Title 28 of the United States Code expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of

3

appeals.  See 28 U.S.C. § 2244(b)(3)(A).  The district court does not have jurisdiction to consider the merits of a successive habeas application in the absence of authorization from the appropriate federal court of appeals.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

As noted above, Petitioner previously challenged his 2014 criminal judgment by way of a § 2254 petition, which this Court dismissed as untimely.  [Koon, No. 1:18-cv-00084-FDW, Doc. 19].  A dismissal of a habeas petition as time-barred is a decision on the merits, and any subsequent habeas petition challenging the same conviction or sentence is second or successive for purposes of § 2244(b).  See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same

4

conviction 'second or successive' petitions under § 2244(b).") (additional internal quotation marks omitted)).  Consequently, the instant habeas Petition is an unauthorized successive petition under § 2244(b).

Petitioner has not demonstrated that he has received authorization from the Fourth Circuit Court of Appeals to file a second or successive habeas petition challenging his 2014 state criminal judgment. See 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court does not have jurisdiction to consider the merits of the instant habeas Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

In addition, Frank D. Whitney shall be terminated as a respondent in this action.  Rule 2(a) of the Rules Governing Section 2254 Cases requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action.  Rule 2(a), 28 U.S.C. foll. § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge.").  As the current Chief District Court Judge of the United States District Court for the Western District of North Carolina, Frank D. Whitney does not have custody of Petitioner.  Therefore, he is not a proper respondent in this § 2254 action.

5

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized, successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3);

(2) Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**; and

(3) Chief Judge Frank D. Whitney is hereby **DISMISSED** as a respondent in this action.

**IT IS SO ORDERED.**

Signed: July 10, 2019

Martin Reidinger
United States District Judge

6